Argued and submitted March 7, affirmed in part,
reversed in part and remanded June 22, 1983

In the Matter of the Compensation of
David T. Adams, Claimant.

ADAMS,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(80-05781; CA A25840)

665 P2d 377

Michael N. Gutzler, Salem, argued the cause for petitioner. With him on the brief was Allen & Vick, Salem.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

In this workers' compensation case, claimant sought additional medical services pursuant to ORS 656.245. He appeals from the Workers' Compensation Board affirmance of the referee's opinion affirming SAIF's denial and refusing to award a penalty or an attorney fee.

■ Claimant sustained an initial injury to his low back on February 7, 1974. After one visit to the doctor for that injury, he was determined to be medically stationary and needed no further treatment. He was released to return to his regular job with the only restriction being to "avoid heavy labor." During the ensuing period of over five years, he submitted no claims for further medical treatment relating to his back injury. On June 16, 1979, claimant was holding the tongue of a boat trailer when he experienced back pain. He sought treatment from Dr. Ronning, who submitted a Form 827 in which claimant's injury was described as resulting from "removing battery from automobile." No mention was made of the incident involving the boat trailer. The only other report submitted by Dr. Ronning is dated September 6, 1979, in which he says:

> "Mr. Adams was moving a boat on June 16, 1979 which caused strain to his lower back and a reaggravation of symptoms of a previous injury."

The report does not define further the "previous injury." We hold that claimant failed to submit sufficient evidence to establish that his back condition in 1979 was causally related to his work-related injury in 1974. We therefore affirm the Board's order denying compensability.

■ SAIF concedes that it erred in not issuing a denial when it initially received the claim for benefits under ORS 656.245 and that its failure to do so is a proper basis for the assessment of a penalty and an attorney fee. Because the Board affirmed the referee's order that there was no legal basis for those assessments, we remand the case to the Board.

Affirmed in part; reversed in part, and remanded for a determination of the amount of the penalty and attorney fees.